```
                                              FILED
                                         IN CLERK'S OFFICE
                                     U.S. DISTRICT COURT E.D.N.Y.

SPN:MKM:BDM                            ★  DEC 06 2018  ★
F.#2015R00747
                                         BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    PRELIMINARY
                                            ORDER OF FORFEITURE
    - against -
                                            15 CR 252 (S-1) (PKC)
RAFAEL SALGUERO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about October 27, 2016, RAFAEL SALGUERO (the "defendant") entered a plea of guilty to Counts One, Forty-Two, Forty-Seven and Sixty-Five of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. § 1962(d), 18 U.S.C. § 1956(h) and 18 U.S.C. § 1349;

        WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962(d), 1349 and 1956(h), as alleged in the Superseding Indictment; and

        WHEREAS, pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of (a) the sum of one hundred sixty-eight thousand dollars and no cents ($168,000.00) (the "Forfeiture Money Judgment"), which represents monies that the defendant received from, among other things, (i) bribes and/or kickbacks in connection with schemes relating to World Cup qualifying matches involving the Guatemalan national soccer team and CONCACAF-sponsored soccer tournaments, and (ii) unauthorized World Cup ticket sales, and (b) any and all funds on deposit in Banco Americano

(Guatemala) account number 36257705 held in the name of Mundirama Travel, up to and including the sum of one hundred twenty thousand dollars and no cents ($120,000.00), and all proceeds traceable thereto (the "Forfeited Assets"), as: (i) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962, property that the defendant has an interest in, security of, claims against and property and contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962, property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); (ii) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and/or (iii) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or property traceable to such property, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 853(p).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.    The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and the Forfeited Assets, pursuant to 18 U.S.C. §§ 1963(a) and (m), 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)

    2.    The defendant consents to the forfeiture of the Forfeited Assets and to the entry of the Forfeiture Money Judgment. The Forfeiture Money Judgment shall be paid on or before the date of the defendant's sentencing (the "Due Date").

3. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the Forfeited Assets and the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to the Forfeited Assets and any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.

4. The defendant further waives the filing of a civil forfeiture complaint as to the Forfeited Assets and any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of the Forfeited Assets and any payments made towards the Forfeiture Money Judgment. The value of the Forfeited Assets shall not be credited towards payment of the Forfeiture Money Judgment.

5. All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.

6. The defendant acknowledges that all funds paid by the defendant towards the Forfeiture Money Judgment, together with the Forfeited Assets, shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request

remission or restoration by the Attorney General or his or her designee of all funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i), and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such property lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such property be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

7. Beginning on the date of sentencing, interest shall accrue at the judgment rate of sentencing set forth in 18 U.S.C. § 3612(f)(2) on any unpaid balance of the Forfeiture Money Judgment. In addition, if the defendant fails to pay the full amount of the Forfeiture Money Judgment on or before the date of sentencing, the defendant consents to the forfeiture of any other property of his up to the outstanding amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

8. The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General of her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government

website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and 18 U.S.C. § 1963(l).  Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

10. The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Assets and payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title to the Forfeited Assets and any substitute assets to the United States.  The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets or any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

11. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

12. The defendant agrees that the forfeiture of the Forfeited Assets and the entry or payment of the Forfeiture Money Judgment are not to be considered a fine or a payment on any income taxes or civil penalties that may be due.

13. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant. Pursuant to Fed.R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

14. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

15. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

16. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

17. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's

Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       December 6, 2018

                                        s/PKC
                                        _____
                                        HONORABLE PAMELA K. CHEN
                                        UNITED STATES DISTRICT JUDGE
                                        EASTERN DISTRICT OF NEW YORK